**NOT FOR PUBLICATION**

```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
                                    :
MICHAEL PAUL MCDANIEL,              :
                                    :    Civil Action No. 10-5443 (MLC)
          Petitioner,               :
                                    :         O P I N I O N
     v.                             :
                                    :
THE ATTORNEY GENERAL OF THE         :
STATE OF NEW JERSEY,                :
                                    :
          Respondent.               :
                                    :
```

**MICHAEL PAUL MCDANIEL** petitions for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The Court lacks jurisdiction over the Petition. The petition indicates that McDaniel "maxed out on [the] sentence [he is challenging, and he was released] from . . . [state] prison on 12/11/2009." Dkt. entry no. 1, at 3. Thus, the Petition is subject to dismissal for failure to meet the in-custody requirement. The "statutory language . . . requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989); see Spencer v. Kemna, 523 U.S. 1, 7 (1998) (custody requirement is satisfied where petitioner is incarcerated at time petition was filed). The "in custody" requirement is met where the state has imposed "significant restraints on petitioner's liberty . . . which are in addition to those imposed by the State upon the public generally." Lehman v. Lycoming County Children's Servs. Agency,

458 U.S. 502, 508 (1982). Here, McDaniel's expired sentence imposes no such restraints and, hence, renders him not in custody for the purposes of the conviction he is challenging here.[1]

**THE PETITION** will be dismissed for failure to meet the in-custody requirement, and no certificate of appealability will issue.[2] The Court will issue an appropriate Order and Judgment.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:    November 23, 2010

---

[1] McDaniel does not meet the "in custody" requirement even if his expired sentence could have collateral consequences. While collateral consequences may avoid the moot nature of a petition where the petitioner was released after the petition was filed, collateral consequences are not sufficient to satisfy the custody jurisdictional requirement. See Spencer, 523 U.S. at 7-8.

[2] Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find it debatable that this Court was correct in its procedural ruling that there is no jurisdiction under § 2254 for claims raised in violation of the in-custody requirement. Accordingly, no certificate of appealability will issue.